IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REGINALD ROUNDTREE,

                   Plaintiff,                          Case No. 8:19-cv-2857-T-36SPF

v.

TEGNA, INC., et al.,

                   Defendants.
_____/

## O R D E R

This matter is before the Court on Defendant Tegna, Inc.'s Motion to Dismiss Amended Complaint (Doc. 15) and Plaintiff's response in opposition (Doc. 20). Also pending is Plaintiffs' Request for Judicial Notice (Doc. 21), Defendant Tegna's Motion to Stay Discovery (Doc. 29), and Plaintiff's Response in Opposition to Defendant Tegna's Motion to Stay Discovery (Doc. 30). Defendant, Tegna, Inc., moves to dismiss Plaintiff's Amended Complaint, arguing Plaintiff has not and cannot sufficiently allege that Tegna was his employer to give rise to liability for employment discrimination and retaliation under state or federal law. The Court, having considered the motions and being fully advised in the premises, will grant Defendant Tegna, Inc.'s Motion to Dismiss Amended Complaint, grant Plaintiff's Request for Judicial Notice, and deny Tegna's Motion to Stay Discovery.

## I.  BACKGROUND AND FACTS[1]

Plaintiff, Reginald Roundtree, sues Defendants, Tegna, Inc. ("Tegna") and Pacific and

---

[1] The following statement of facts is derived from the Amended Complaint (Doc. 13), the allegations of which the Court must accept as true in ruling on the instant motion to dismiss. *Linder v. Portocarrero*, 963 F. 2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F. 2d 989, 994 (11th Cir. 1983).

Southern, LLC ("Pacific") (collectively "Defendants"), for age discrimination and retaliation under the Florida Civil Rights Act (FCRA) and the Age Discrimination in Employment Act (ADEA). Doc. 13. Plaintiff alleges Tegna "is an employer as defined by the laws under which this action is brought and employs the required number of employees." *Id.* ¶ 8.

On or about January 29, 2019, Plaintiff filed a Charge of Discrimination based on age with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). *Id.* ¶ 13; *see also* Doc. 13 at 12–20. At the time, Plaintiff was sixty years old. *Id.* at 12. The Charge named both Tegna and Pacific as his employers. *Id.* at 12. Plaintiff was terminated February 8, 2019. *Id.* ¶ 26. On February 14, 2019, Plaintiff filed a second charge of discrimination for wrongful termination based on retaliation and age. *Id.* at 21. On July 25, 2019, the EEOC issued a Notice of Right to Sue letter for each Charge. *Id.* at 22–23.

Plaintiff alleges he began his employment with Defendants as an "on-air" anchor at WTSP Channel 10 in Pinellas County, Florida, approximately thirty years ago. *Id.* ¶ 13. In the past, the contracts of employment offered by Defendants to Plaintiff generally ranged in duration from three to six years.[2] *Id.* ¶ 14. In the last five to seven years of his employment, however, the contracts presented by Defendants to Plaintiff offered only one year of employment, whereas younger anchors received contracts of three to four years in duration. *Id.* ¶ 15. Approximately four to five years before his termination, Plaintiff's salary was decreased by approximately $25,000, while the salary of a younger anchor was raised by $25,000. *Id.* ¶ 16.

In April 2017, Bob Clinkingbeard, who served as WTSP News Director announced, "I don't want old guys with ties on my news set." *Id.* ¶ 18. Clinkingbeard was no longer WTSP

---

[2] Plaintiff does not attach a copy of any of his contracts of employment to the Amended Complaint but later filed as an exhibit to his opposition to the motion to stay a document dated July 20, 2016, entitled "Contract Addendum." Doc. 30-1.

News Director after October 5, 2017. *Id.* ¶ 17. Elliot Wiser, General Manager for WTSP, was terminated from employment with Pacific at some point in 2017. *Id.* ¶¶ 19, 20. After Wiser's termination, documents were found on his desk that were referred to as a "hit list" of Pacific employees who were over the age of 40 and who appear to have been targeted for termination or were already terminated. *Id.* ¶ 20. Plaintiff's name is on this list. *Id.* at 14. Another document found on Wiser's desk titled "Staffing Plan" included Plaintiff's name with the notation "2018 bye bye." *Id.* ¶ 21. In November 2018, Plaintiff was told he would be offered a contract for 2019, but his salary would be further reduced and he would be demoted after six months from anchor to investigative reporter. *Id.* ¶ 22. He alleges the reduced financial terms and demotion were offered due to his age. *Id.*

On January 9, 2019, Defendants officially offered Plaintiff the new contract, which was to take effect March 1, 2019. *Id.* ¶¶ 23, 26. On January 28, 2019, Plaintiff dual-filed a Charge of age discrimination. *Id.* ¶ 24. Within hours of receiving Plaintiff's Charge, Defendants ordered Plaintiff to be removed from employment and placed on paid leave. *Id.* ¶ 25. On February 8, 2019, Defendants terminated Plaintiff. *Id.* ¶ 26.

In October 2019, Plaintiff filed suit in state court against Tegna and Pacific. Doc. 1-1. Defendants removed the case to this Court. Doc. 1. In Plaintiff's Amended Complaint, he sues Tegna for age discrimination under the FCRA (Count I); age discrimination under the ADEA (Count III); retaliation under the FCRA (Count V); and retaliation under the ADEA (Count VII). Doc. 13. He asserts the same claims against Pacific in Counts II, IV, VI, and VIII. *Id.* Pacific filed an Answer to the Amended Complaint. Doc. 14. Tegna moves to dismiss all claims against it on the basis it is not Plaintiff's employer and Plaintiff has failed to plead facts to demonstrate otherwise. Doc. 15. Plaintiff responds that his allegations are sufficient to state a claim against

Tegna and any challenges to the application of a joint employer theory are premature.  Doc. 17. In support of his opposition to the motion to dismiss, Plaintiff requests the Court take judicial notice of pleadings in another employment discrimination case filed against these two Defendants. Doc. 21.

## II.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint.  *Id.*

## III.    DISCUSSION

The ADEA prohibits an employer from "discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).  The Florida Civil Rights Act similarly prohibits such unlawful conduct by an employer. *See* Fla. Stat. § 760.10(1)(a).  Tegna seeks dismissal of all claims against it because it is not Plaintiff's employer. Tegna argues that the Amended Complaint fails to allege any facts establishing it is Plaintiff's

employer or that it could be held liable under a joint employer theory.  Doc. 15 at 1. Plaintiff first responds that Tegna's argument fails because he has alleged that Tegna was his employer.  Doc. 20 at 3.  Plaintiff directs the Court to paragraph 8 of the Amended Complaint.  *Id.*  Paragraph 8 reads:

> Defendant, TEGNA, INC. (hereinafter "TEGNA") is an employer as defined by the laws under which this action is brought and employs the required number of employees.

Doc. 13, ¶ 8.  The ADEA defines "employer" as one "engaged in an industry affecting commerce who has twenty or more employees . . . ."  29 U.S.C. § 630(b).  While Plaintiff alleges that Tegna has the requisite number of employees to be sued under the federal act, Plaintiff's allegations in paragraph 8 do not allege that Tegna is or was Plaintiff's employer.

Plaintiff generally alleges that he "began his employment with Defendants" thirty years ago.  Doc. 13 ¶ 13.  It is unclear from his allegations, however, whether at the time of the alleged discrimination his employer was Tegna.  By way of example, he refers to *Pacific's* general manager Elliot Wiser's discriminatory "hit list" of *Pacific* employees that included Plaintiff's name.  *Id.* ¶ 20 (emphasis added).  Plaintiff additionally alleges Pacific's general manager had a "Staffing Plan" document that implied Plaintiff would be terminated in 2018.  *Id.* ¶ 21.  Thus, any specific allegations regarding who was Plaintiff's employer or who engaged in discriminatory conduct points to Pacific.

Tegna also argues that Plaintiff has failed to sufficiently plead that Defendants here should be treated as a joint employer for purposes of liability for employment discrimination.  Doc. 15 at 2.  "[T]he joint employer concept recognizes that the business entities involved are in fact separate but that they share or co-determine those matters governing the essential terms and conditions of

employment." *Virgo v. Riviera Beach Assocs., Ltd.,* 30 F.3d 1350, 1359–61 (11th Cir. 1994) (citing *Nat'l Labor Relations Bd. v. Browning-Ferris Indus.*, 691 F.2d 1117, 1122 (3d Cir. 1982)).

Plaintiff argues any determination of joint employer status may not be made at the motion to dismiss stage.  In support, Plaintiff cites *Downie v. BF Weston, LLC*, Case No. 1681396-CIV-Marra, 2016 WL 7451427 (S.D. Fla. Dec. 27, 2016).  In *Downie*, the court discusses the standard applied by the Eleventh Circuit in making determinations regarding joint employment. *Id.*, at *3. "This standard requires the Court to examine '(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control.'" *Id.* (citing *Lyes v. Riviera Beach, Florida*, 166 F.3d 1332, 1341 (11th Cir. 1999)).  In concluding that the plaintiff's complaint adequately alleged a joint employment relationship, the *Downie* court recognized, however, that such determination is fact intensive and better suited after development of the record.  *Id.* at *4.  *See also Kaiser v. Trofholz Technologies., Inc*., 935 F. Supp. 2d 1286, 1293 (M.D. Ala. 2013) ("At this stage of the proceedings, having to accept Plaintiff's allegations as true" the plaintiff has alleged "sufficient factual allegations to raise a reasonable expectation that evidence will reveal that Booz Allen was indeed her joint employer for purposes of Title VII liability.")  Thus, Plaintiff contends Tegna's argument is premature.  Unlike in *Downie* and *Kaiser*, however, Plaintiff here has alleged no factual allegations even remotely addressing the joint employer factors.  Taking Plaintiff's allegations as true, as the Court must do on a motion to dismiss, there are no facts for the Court to consider as it relates to a joint employer relationship between Tegna and Pacific.

In support of his opposition to Tegna's motion, Plaintiff moves the Court to take judicial notice of pleadings filed by another plaintiff in a discrimination case against these Defendants.

Doc. 21.  Defendants did not file a response in opposition to Plaintiff's request for judicial notice, and thus the motion (Doc. 21) is deemed unopposed.  *See* M.D. Fla. R. 3.01(b).

Courts may take judicial notice of publicly filed documents, including from other litigation, at the Rule 12(b)(6) stage. *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 812 n.4 (11th Cir. 2015) (citing Fed. R. Evid. 201; *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013)).  "A district court may take judicial notice of an adjudicative fact that is both 'not subject to reasonable dispute' and either (1) 'generally known within the trial court's territorial jurisdiction' or (2) 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Grayson v. Warden, Comm'r, Ala. Dep't of Corr.*, 869 F.3d 1204, 1224–25 (11th Cir. 2017) (quoting Fed. R. Evid. 201(b)).  However, "even though a court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings, a court cannot take judicial notice of factual findings of another court." *Id.* at 1225 (citations and internal quotations omitted).  While the Court will take judicial notice of the fact that a discrimination lawsuit was filed against these Defendants in 2017, the allegations in that complaint differ from the allegations against the Defendants in the Amended Complaint here and do not establish facts in this lawsuit.  If anything, the allegations in the *Collington* complaint regarding Tegna's status as Collington's employer and the relationship between Tegna and Pacific demonstrate the shortcomings of the Plaintiff's allegations in this Amended Complaint here. Thus, Plaintiff's Amended Complaint will be dismissed, but without prejudice, as to its claims against Tegna.

Tegna has requested the Court stay discovery as to Tegna until a ruling on the pending motion to dismiss.  Doc. 29.  Plaintiff opposes a stay (Doc. 30), and states he has additional documentation showing Tegna was Plaintiff's employer.  Although the Court will grant the motion

to dismiss, the Court declines to stay discovery as to Tegna.  The allegations of the *Collington* complaint and the additional documentation Plaintiff references (Doc. 30-1) suggest that Plaintiff may be able to allege additional facts regarding Tegna and its status as Plaintiff's employer to state a claim against Tegna that is facially plausible.  Thus, there is no reason to delay discovery.

Accordingly, it is hereby **ORDERED**:

1.    Defendant Tegna, Inc.'s Motion to Dismiss Amended Complaint (Doc. 15) is **GRANTED.**  Plaintiff's Amended Complaint is dismissed without prejudice as to Defendant Tegna.

2.    Plaintiff is granted leave to file a Second Amended Complaint within **fourteen (14) days** from the date of this Order. Failure to provide an amended complaint within this time period will result in the dismissal of Defendant Tegna from this action.

3.    Plaintiff's Request for Judicial Notice (Doc. 21) is **GRANTED**.

4.    Defendant Tegna's Motion to Stay Discovery (Doc. 29) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on August 10, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any